The opinion of the court was delivered by
White, J.
Benjamin Hart sold on the 16th January, 1873, certain real estate to one Locke, and took as evidence of the credit price a note of Locke for $2100, payable twelve months after date. Locke subsequently sold the property to Mullin & McGowen, who as part of their purchase price, assumed the payment of the note of Locke, purchased as above stated. On the 31st of July, 1877, Hart, as the holder of the original note of Locke, identified with the act of sale to Locke, which contained the clause de non alienando, obtained an order of seizure and sale to enforce tne sum remaining due on the note, stated in the plead-ings to be $431, with eight per cent per annum interest thereon from 10th October, 1876. Mullin & McGowen,- as third possessors of the *678 property covered by the writ of seizure and sale issued against Locke, enjoined on the grounds—
First — That the parish court from which the writ issued was without jurisdiction ratione materia.
Second — That certain credits had not been allowed, which reduced the note about one hundred dollars below the sum claimed.
The parish court perpetuated the injunction; the issue was taken to the district court, where the decree of the parish court was reversed and the injunetion.dissolved. From this decree the present appeal is prosecuted.
First — The question of the jurisdiction of the parish court has been abandoned by counsel in consequence of the opinions in Newman Bros, vs. Cuney, 30 An. 1201, and in Decker vs. Frankenberger, 30 An. 410.
Second — The sole question then before us is the quantum of credit allowed.
As presented by the briefs of counsel and proof, although not Inj the pleadings, the increase of credit results from a claimed charge of usury. It seems that by agreement between the holder of the note and the third possessors of the mortgaged property, the latter paid twelve per cent interest in consideration of the forbearance of the former. That the payments of the amounts were regularly credited on the note; the interest for the purposes of the credits being computed at eight per cent, although twelve per cent was paid. The contention of plaintiffs is that this payment of four per cent additional entails the forfeiture of all interest, and that the sums paid as such should therefore be credited on the principal, leaving nothing due. That if not so, the sums paid as interest over and above eight per cent should be imputed to the principal, thereby reducing the debt from $431, as claimed, to $346 47. We think the propositions untenable. The contract sought to be enforced is the original sale between the plaintiff and defendant .by the proceedings via executiva, and there is not even an intimation that such contract was remotely tainted with usury. The usury, if any is shown by the proof, results from a contract other than the one sued on, and not a necessary part of it. Norwood vs. Waddell, 11 L. 493.
Even however were this not the case, it is obvious that the demand of plaintiffs in injunction when analyzed reduces itself to an action for the recovery of usurious interest paid. The executory process issued not against them but against Locke, not to enforce any obligation they may have assumed as between themselves and their vendor, but to compel the execution of the primordial contract between Locke and the defendant in injunction; hence necessarily not against the plaintiffs in injunction, who instead of being defendants are purely actors seeking to frustrate the enforcement of a legal contract by indirectly claiming *679 as plaintiffs a sum by them illegally paid as usurious interest on a distinct agreement. Under this condition of things the pleaded prescription is applicable. 6 A. 470; 18 A. 712; 24 A. 156; 26 A. 23.
We do not think this a proper case for the allowance of damages for a frivolous appeal, but we consider there was error in not allowing the special damages for counsel fees on the dissolution of the injunction.
It is therefore ordered, adjudged and decreed that the judgment of the district court be so amended as to condemn plaintiffs and their surety, John Jones, to pay in solido the sum of forty dollars as counsel fees; and that in all other respects the judgment be affirmed with costs.